UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA

                                                    **MEMORANDUM AND ORDER**

                                                    24-CR-235 (NRM)

               -against-

MICHAEL JONES,

               Defendant.

------------------------------------------------------------------x

**NINA R. MORRISON**, United States District Judge:

Pending before the Court is Defendant Michael Jones's Motion to Dismiss the Indictment. ECF No. 26. For the reasons discussed below, the Court denies Jones's motion.

On June 5, 2024, Defendant Michael Jones was indicted in this Court and charged with possessing a single round of ammunition after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1).[1] Indictment at 1, ECF No. 15.[2] On September 7, 2024, Jones filed a motion to dismiss the indictment, arguing that in

---

[1] 18 U.S.C. § 922(g)(1) provides that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] All page references are to the pagination generated by the Official Court Electronic Document Filing System (CM/ECF).

1

light of the U.S. Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), 18 U.S.C. § 922(g)(1) — the statute under which Jones was indicted — is unconstitutional, both facially and as applied to him. Def. Mot. to Dismiss Indictment ("Def Mot.") at 3, ECF No. 26.

In a status conference on November 14, 2024, the Court informed the parties of its view that the decisions in either of two cases then pending before the Second Circuit may control Defendant's motion to dismiss, and the parties agreed to stay the case for 120 days or until a decision on either of those two cases, whichever occurred sooner. Minute Entry dated Nov. 14, 2024. By March 26, 2025, the Second Circuit had not decided either case, and the Court extended the stay on Mr. Jones's case through May 26, 2025. Docket Order dated Mar. 26, 2025. On June 26, 2025, the government filed a letter informing the Court that the Second Circuit decided one of those cases, *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025). Gov't Letter to Court, ECF No. 45.

The parties jointly requested a status conference in light of the Second Circuit's decision in *Zherka*. Gov't Letter to Court dated June 26, 2025, ECF No. 45. After the mandate in *Zherka* issued on August 1, 2025, the Court held a status conference on August 5, 2025, during which the parties stated they had no further briefing to submit regarding Jones's pending motion to dismiss the indictment in light of *Zherka*. See Minute Entry dated Aug. 5, 2025.

In his motion, Jones argues that under *Bruen*, possession of ammunition falls within the Second Amendment's plain text and thus Jones's conduct as set forth in

2

the indictment is protected by the Second Amendment. Def. Mot. at 5. Jones argues that 18 U.S.C. § 922(g)(1) is unconstitutional both facially and as applied to him.

In *Zherka*, the Second Circuit rejected the defendant's argument that 18 U.S.C. § 922(g)(1), in its prohibition of the possession of firearms by people convicted of a felony, was unconstitutional as applied to him, someone who was convicted of a nonviolent felony. 140 F.4th at 91–93. The Second Circuit conducted the rigorous historical analysis demanded by *Bruen* and concluded that "Congress's conclusion that a felony conviction demonstrates a character or temperament inconsistent with the safe and prudent possession of deadly weapons is an appropriate exercise of its longstanding power to disarm dangerous categories of persons." *Id.* at 91. The Court further found that "[b]ecause legislatures at or near the Founding had the authority to pass laws disarming large classes of people based on status alone, we conclude that the Second Amendment does not bar Congress from passing laws that disarm convicted felons, regardless of whether the crime of conviction is nonviolent." *Id.* at 93.

It is clear that *Zherka* resolves the question at the center of Jones's motion to dismiss: whether 18 U.S.C. § 922(g)(1) is unconstitutional, either on its face or as applied to him. *Zherka* held that the statute's broad disarmament of people convicted of felonies comported with history and tradition and was constitutional even in the wake of *Bruen*. Though the defendant in *Zherka* challenged whether he could be foreclosed from possessing a firearm, whereas Jones is indicted with possessing ammunition, this Court finds that the same analysis and reasoning apply to his case,

3

as both turn on the same asserted Second Amendment right to bear arms and whether Congress acted within its authority to regulate the challenged conduct under 18 U.S.C. § 922(g)(1).  Applying *Bruen* and *Zherka*, the Court finds that 18 U.S.C. § 922(g)(1) constitutionally prohibits the possession of ammunition where a person is convicted of a felony; the statute is constitutional facially and as applied to Jones.

Thus, the Court denies Jones's motion to dismiss the indictment.

SO ORDERED.

*/s/ Nina R. Morrison*

NINA R. MORRISON
United States District Judge

Dated: August 20, 2025
      Brooklyn, New York